Richard T. Morey v. Commissioner.
Morey v. Commissioner
Docket No. 110988.
United States Tax Court
1943 Tax Ct. Memo LEXIS 526; 1 T.C.M. (CCH) 374; T.C.M. (RIA) 43009; January 4, 1943
*526 An assignment whereby petitioner transferred to his mother "for the remainder of her life, a certain interest I now have, or may ever have, in a certain trust fund * * * to wit, my interest in said trust fund to the full amount of Four thousand Dollars ($4,000.) each year during the life of said Ella L. Morey * * *", Held, to constitute a transfer of the specified beneficial interest in the income and that as to such interest the assignee became the owner thereof, taxable on the income therefrom. Blair v. Commissioner, 300 U.S. 5 followed. Harrison v. Schaffner, 312 U.S. 579, distinguished. John G. Palfrey, Esq., 84 State St., Boston, Mass., for the petitioner. Charles P. Reilly, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $1,057.96 in petitioner's income tax for the year 1938. By amended answer he made claim for an increased deficiency. The only issue contested arose from respondent's action in adding to petitioner's income certain amounts paid to petitioner's mother by the trustee of a testamentary trust of which petitioner was a beneficiary by virtue *527 of an assignment executed by petitioner. Findings of Fact Petitioner is an individual residing in Winchester, Massachusetts. Edwin Morey, grandfather of petitioner, died in 1907 leaving a will under the terms of which a trust was created. By the terms of Edwin Morey's will the income of the trust was to be paid to his son, Charles E. Morey (father of the petitioner and of Edwin Morey, 2nd) for life and after the death of said Charles E. Morey the trust income was to be divided equally between Edwin Morey, 2nd, and Richard T. Morey (petitioner herein). Upon the death of either son of Charles E. Morey the whole income of the trust was to be paid to the surviving son for life. Charles E. Morey, father of petitioner, died December 26, 1931, leaving a widow, Ella L. Morey, and two children, Edwin Morey, 2nd, and Richard T. Morey. Shortly after the death of Charles E. Morey, Edwin Morey, 2nd, and Richard T. Morey and Ella L. Morey (the mother) entered into an agreement which provided that Richard and Edwin each would pay to Ella L. Morey $4,000 annually out of the income of the trust when such income was payable to Richard and Edwin, and likewise pay from their said income such further *528 sums as she might find needful for her ample support and condition in life. This agreement was to continue for the life of Ella L. Morey. In the event Richard or Edwin predeceased Ella L. Morey, the survivor agreed to pay to Ella L. Morey the amount of $8,000 per year for the same term. Ella L. Morey is still living and has not at any time been a member of petitioner's household. On November 17, 1934, petitioner executed in favor of Ella L. Morey a certain instrument in which the following provisions appeared: I, the said Richard T. Morey do hereby sell, assign, transfer, set over and convey to said Ella L. Morey, for the remainder of her life, a certain interest I now have, or may ever have, in a certain trust fund established under the will of my grandfather, Edwin Morey, deceased, whereof the National Shawmut Bank of Boston is now trustee under said will, to wit, my interest in said trust fund to the full amount of Four thousand Dollars ($4,000.) each year during the life of said Ella L. Morey; and I hereby grant to said National Shawmut Bank, and its successor in said trust, full authority to pay to said Ella L. Morey, in person or by check payable to her order, said sum of *529 Four thousand Dollars ($4,000.) annually, and direct that it be paid in quarterly payments of One thousand Dollars ($1,000.) during the remainder of her life. The next payment hereunder shall be on February 1, 1935. Receipts signed by said Ella L. Morey, or checks bearing her endorsement, shall be deemed a full discharge of the trustee for any moneys so paid. And * * * I therefor hereby direct that the said annuity which shall be deducted and paid as above provided to said Ella L. Morey shall, in the event of the death of said Edwin Morey (2nd) be Eight thousand Dollars ($8,000.) per year, instead of Four thousand Dollars ($4,000.). Edwin Morey, 2nd, died December 3, 1936, leaving surviving him a wife, Helen Morey, and two daughters, Virginia Morey and Jeannette Morey. On November 2, 1937, Richard T. Morey executed and delivered to the trustee of the trust under the will of his grandfather an instrument in which the following appears: * * * do hereby sell, assign, transfer, set over and convey to Jeannette Morey, Virginia Morey and Helen Stickney Morey, all of Nashua, Hillsborough County, New Hampshire, as joint tenants and not as tenants in common, the following-described interest *530 in, and in the income of, the trust fund established under the will of my grandfather, Edwin Morey, late of Boston, Suffolk County, Massachusetts. The interest in the trust fund and in the income thereof which are hereby assigned are determined as follows: 1. There shall be paid to Jeannette from the income of the trust fund the sum of Four Hundred Dollars ($400.00) immediately and, in addition, Four Hundred Dollars ($400.00) in the quarter year commencing on July 1, 1937, and in every quarter year thereafter, so long as both she and I shall live, provided she and I be both living on the first day of such quarter year, without any apportionment in case of the death of either during any quarter year. Similar provisions were made in the instrument for payments to Virginia Morey and to Helen Morey. The trustee of the trust filed a Federal income return for the year 1938 in which it disclosed that the trust income for 1938 was $35,088.11 and that the trustee had made distributions out of the income for 1938 as follows: Ella L. Morey
$ 8,000.00
Walter G. Morey
12,159.07
Richard T. Morey
10,024.04
Mrs. Helen Morey
1,635.00
Miss Virginia Morey
1,635.00
Miss Jeannette Morey
1,635.00
Total
$35,088.11
*531 In his Federal income tax return for 1938 petitioner reported as his income from the trust $10,024.04. Ella L. Morey included in her return of income for the year 1938 the sum of $8,000 received from the trust under the will of Edwin Morey, paid the tax thereon, and no part of the tax paid has been refunded to her. In the notice of deficiency the Commissioner added to petitioner's 1938 income $8,105. The $8,105 consists of the $8,000 paid to Ella L. Morey, $35.00 of the $1,635 paid to Mrs. Helen Morey, $35.00 of the $1,635 paid to Virginia Morey, and $35.00 of the $1,635 paid to Jeannette Morey. Respondent filed an amended answer in which he requested that petitioner's income be further increased by adding thereto the $4,800 which was distributed by the trustees to Helen Morey, Virginia Morey and Jeannette Morey and which had not been added to petitioner's income in the notice of deficiency. Opinion VAN FOSSAN, Judge: Petitioner was the beneficiary of a certain trust, erected pursuant to the will of his grandfather, Edwin Morey. In 1934 petitioner executed under seal an assignment to his mother, Ella L. Morey, "for the remainder of her life [of] a certain interest I now have, *532 or may ever have, in a certain trust fund established under the will of my grandfather * * * to wit, my interest in said trust fund to the full amount of Four thousand Dollars ($4,000.) each year during the life of said Ella L. Morey * * *." There was a provision that in the event of the death of petitioner's brother, Edwin Morey, 2nd, the amount of the payment to the mother should be $8,000. Edwin Morey, 2nd, died in 1936. Acting under the authority of the above instrument, the trustee in 1938 distributed to Ella L. Morey the sum of $8,000, who returned the same for taxation. The respondent included such sum of $8,000 in petitioner's income for 1938. Petitioner contends that he had a vested and assignable interest in the trust fund; that he irrevocably assigned part of such interest to his mother for her life; that he ceased pro tanto to be a beneficiary of the trust fund, and is not taxable on the income derived from the interest so transferred. He relies chiefly on . Respondent, in support of his determination that petitioner is taxable on such income, relies on , *533 and states that there is presented the "single issue of whether the instant case falls within Blair v. Commissioner * * * or within Harrison v. Schaffner, * * *." No contention is made that the assignment was not valid in Massachusetts, the situs of the trust. In , the Supreme Court had for consideration an assignment, valid in Illinois, of "an interest amounting to $6,000 for the remainder of that calendar year, and to $9,000 in each calendar year thereafter, in the net income [of the trust] which the petitioner was then or might thereafter be entitled to receive during his life." The Court held that under the trust the petitioner was the owner of an equitable interest of the corpus of the property held in trust; that by virtue of that interest he was entitled to enforce the trust, to enjoin a breach of trust, and to obtain redress in case of breach. The Court held further that the interest was of present property, alienable like any other, in the absence of a valid restraint upon alienation, and that the beneficiary may transfer a part of his interest, as well as the whole. It was observed that "the assignment *534 of the beneficial interest is not the assignment of a chose in action but an assignment of a 'right, title and estate in and to property'". The Court concluded: "That the assignments were valid, that the assignees thereby became the owners of the specified beneficial interest in the income, and that as to these interests they, and not the petitioner, were taxable for the tax years in question." In , the facts were: On December 23, 1929, the taxpayer executed irrevocable assignments of $84,000 of the net income of the trust for the year 1930, to three children, and on November 14, 1930, similar assignments of $54,000 of the net income for the year 1931, except that the latter assignments were made in part to the surviving husband of one of her daughters, who had, in the interim, died. Each of the instruments transferred "such portion of the income as shall equal the sum of $ - from and out of the net income that may be derived during the year 1930 from the trust estate created by the Sixteenth section of the last will and testament of Joseph Schaffner." The petitioner in Harrison v. Schaffner, relied on *535 Addressing itself to the asserted parallelism to the Blair case, the Supreme Court observed: * * * It is true, as respondent argues, that where the beneficiary of a trust had assigned a share of the income to another for life without retaining any form of control over the interest assigned, this Court construed the assignment as a transfer in praesenti to the donee, of a life interest in the corpus of the trust property and held in consequence that the income thereafter paid to the donee was taxable to him and not the donor. But we think it quite another matter to say that the beneficiary of a trust who makes a single gift of a sum of money payable out of the income of the trust does not realize income when the gift is effectuated by payment, or that he escapes the tax by attempting to clothe the transaction in the guise of a transfer of trust property rather than the transfer of income where that is its obvious purpose and effect. We think that the gift by a beneficiary of a trust of some part of the income derived from the trust property for the period of a day, a month or a year involves no such substantial *536 disposition of the trust property as to camouflage the reality that he is enjoying the benefit of the income from the trust of which he continues to be the beneficiary, quite as much as he enjoys the benefits of interest or wages which he gives away as in the Horst and Eubank cases. Even though the gift of income be in form accomplished by the temporary disposition of the donor's property which produces the income, the donor retaining every other substantial interest in it, we have not allowed the form to obscure the reality. Income which the donor gives away through the medium of a short term trust created for the benefit of the donee is nevertheless income taxable to the donor. Helvering v. Clifford, supra; L. Ed. , decided March 17, 1941. We perceive no difference, so far as the construction and application of the Revenue Act is concerned, between a gift of income in a specified amount by the creation of a trust for a year, see , and the assignment by the beneficiary of a trust already created *537 of a like amount from its income for a year. The Court concluded: * * * It is enough that we find in the present case that the taxpayer, in point of substance, has parted with no substantial interest in property other than the specified payments of income which, like other gifts of income, are taxable to the donor. To repeat, in the case presently before us, petitioner assigned "a certain interest I now have, or may ever have, in a certain trust fund established under the will of my grandfather * * * my interest in said trust fund to the full amount of Four thousand Dollars ($4,000.) each year during the life of said Ella L. Morey." On inspection of the several instruments of assignment the parallelism of the instant case to the Blair case and its dissimilarity to Harrison v. Schaffner, are at once apparent. Morey "assigned a share of the income to another without retaining any form of control over the interest assigned." The assignment was for the life of the assignee. This is precisely what occurred in the Blair case, where the "Court construed the assignment as a transfer in praesenti to the donee, of a life interest in the corpus of the trust property and *538 held in consequence that the income thereafter paid to the donee was taxable to him and not the donor". ( ) The Blair case was not disturbed by the decision in Harrison v. Schaffner. As adequately appears above, the two cases were vitally different, - in the one a real transfer for life of an interest in property was involved, in the other a temporary disposition of a share in income under a year to year arrangement. We hold that the present case is controlled by , and that the income paid to Ella L. Morey was taxable to her, not to petitioner. By an amended answer respondent made claim for an increased deficiency, alleging that in 1937 petitioner made further assignments to three other persons, the assignments being in substantially the same form as that above considered, and that pursuant to such assignments $4,800 was paid to the three persons in question. On brief, respondent concedes that the issue thus raised is the same as above considered. We see no occasion for repeating or extending the discussion. The considerations and distinctions that led *539 us to conclude the petitioner was not taxable on payments under the assignment to Ella L. Morey direct the same conclusion as to the payments to the three other persons. Decision will be entered under Rule 50.